EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 642-1900
Attorneys for Defendants
Bed Bath & Beyond Inc.,
Derek Scott and Ray Novak

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Document Electronically Filed**

---

CHYANNE SMITH,

                    Plaintiff,

 *vs.*

BED BATH & BEYOND, INC., DEREK SCOTT,
individually, and RAY NOVAK, individually,

                    Defendants.

---

Civil Action No. 17-cv-02240

**ANSWER AND AFFIRMATIVE
DEFENSES**

---

Defendants, Bed Bath & Beyond Inc. ("BB&B"), Derek Scott ("Scott") and Ray Novak ("Novak") (collectively "Defendants"), by their attorneys Epstein Becker & Green, P.C., hereby respond to the Complaint filed by Plaintiff, Chyanne Smith ("Plaintiff").

## <u>NATURE OF ACTION</u>

1.     Defendants admit that Plaintiff seeks damages and costs as alleged but expressly denies that it engaged in any discriminatory or retaliatory conduct or that Plaintiff is entitled to any of the relief she seeks, and denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that Plaintiff seeks damages and costs as alleged but expressly denies that it engaged in any discriminatory or retaliatory conduct or that Plaintiff is entitled to any of the relief she seeks, and denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendants admit that Plaintiff seeks damages and costs as alleged but expressly denies that it engaged in any discriminatory or retaliatory conduct or that Plaintiff is entitled to any of the relief she seeks, and denies the remaining allegations in Paragraph 4 of the Complaint.

### JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

5.      The allegations set forth in Paragraph 5 of the Complaint are a conclusion of law to which no response is required.

6.      The allegations set forth in Paragraph 6 of the Complaint are a conclusion of law to which no response is required.

7.      The allegations set forth in Paragraph 7 of the Complaint are a conclusion of law to which no response is required.

8.      The allegations set forth in Paragraph 8 of the Complaint are a conclusion of law to which no response is required.

### TRIAL BY JURY

9.      Defendants admit that Plaintiff requests a trial before a jury.

### PARTIES

10.      Defendants lack knowledge and/or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint, and leave Plaintiff to her proofs.

11.      Defendant BB&B admits the allegations in Paragraph 11 of the Complaint.  The allegations contained in Paragraph 11 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

12.     Defendants BB&B and Scott admit the allegations in Paragraph 12 of the Complaint.  The allegations contained in Paragraph 12 of the Complaint are not asserted against Defendant Novak and thus no response is required.

13.     Defendants BB&B and Novak admit the allegations in Paragraph 13 of the Complaint.  The allegations contained in Paragraph 13 of the Complaint are not asserted against Defendant Scott and thus no response is required.

## STATEMENT OF FACTS

14.     In response to the allegations contained in Paragraph 14 of the Complaint, Defendants state that Plaintiff commenced employment with BB&B on or about August 18, 2015 as a part-time Associate assigned to the BB&B store located at 610 Exterior Street, Bronx, New York 10451.   Except as so stated, Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendant BB&B denies the allegations in Paragraph 15 of the Complaint.  The allegations contained in Paragraph 15 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

16.     Defendant BB&B denies the allegations in Paragraph 16 of the Complaint.  The allegations contained in Paragraph 16 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

17.     Defendant BB&B denies the allegations in Paragraph 17 of the Complaint.  The allegations contained in Paragraph 17 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

18.     Defendant BB&B denies the allegations in Paragraph 18 of the Complaint.  The allegations contained in Paragraph 18 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

19.     Defendants  BB&B and Scott  deny  the allegations  in  Paragraph  19  of  the Complaint.  The allegations contained in Paragraph 19 of the Complaint are not asserted against Defendant Novak and thus no response is required.

20.     Defendants  BB&B and  Scott  deny  the  allegations  in  Paragraph  20  of  the Complaint.  The allegations contained in Paragraph 20 of the Complaint are not asserted against Defendant Novak and thus no response is required.

21.     Defendants  BB&B and  Scott  deny  the  allegations  in  Paragraph  21  of  the Complaint.  The allegations contained in Paragraph 21 of the Complaint are not asserted against Defendant Novak and thus no response is required.

22.     Defendants  BB&B and  Scott  deny  the  allegations  in  Paragraph  22  of  the Complaint.  The allegations contained in Paragraph 22 of the Complaint are not asserted against Defendant Novak and thus no response is required.

23.     Defendant BB&B denies the allegations in Paragraph 23 of the Complaint.  The allegations contained in Paragraph 23 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

24.     Defendant BB&B denies the allegations in Paragraph 24 of the Complaint.  The allegations contained in Paragraph 24 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

25.     Defendant BB&B denies the allegations in Paragraph 25 of the Complaint.  The allegations contained in Paragraph 25 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

26.     Defendants BB&B and Scott deny the allegations in Paragraph 26 of the Complaint.  The allegations contained in Paragraph 26 of the Complaint are not asserted against Defendant Novak and thus no response is required.

27.     Defendants BB&B and Scott deny the allegations in Paragraph 27 of the Complaint.  The allegations contained in Paragraph 27 of the Complaint are not asserted against Defendant Novak and thus no response is required.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, Defendant BB&B denies that Plaintiff raised any complaints that required it to take action. Defendant BB&B further deny that any discrimination and harassment occurred or continued. The allegations contained in Paragraph 28 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

29.     In response to the allegations contained in Paragraph 29 of the Complaint, Defendant BB&B denies that Plaintiff complained of the conduct alleged and, accordingly, it denies that a response was required.  Defendant BB&B lacks knowledge and information sufficient to form a belief as to Plaintiff's alleged use of the restroom located at Best Buy.  The allegations contained in Paragraph 29 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

30.     Defendants BB&B and Novak deny the allegations in Paragraph 30 of the Complaint.  The allegations contained in Paragraph 30 of the Complaint are not asserted against Defendant Scott and thus no response is required.

31.     Defendants BB&B and Novak deny the allegations in Paragraph 31 of the Complaint.  The allegations contained in Paragraph 31 of the Complaint are not asserted against Defendant Scott and thus no response is required.

32.     Defendants BB&B and Novak deny the allegations in Paragraph 32 of the Complaint.  The allegations contained in Paragraph 32 of the Complaint are not asserted against Defendant Scott and thus no response is required.

33.     Defendants BB&B and Novak deny the allegations in Paragraph 33 of the Complaint.  The allegations contained in Paragraph 33 of the Complaint are not asserted against Defendant Scott and thus no response is required.

34.     Defendants BB&B and Novak deny the allegations in Paragraph 34 of the Complaint.  The allegations contained in Paragraph 34 of the Complaint are not asserted against Defendant Scott and thus no response is required.

35.     Defendants BB&B and Novak deny the allegations in Paragraph 35 of the Complaint.  The allegations contained in Paragraph 35 of the Complaint are not asserted against Defendant Scott and thus no response is required.

36.     Defendant BB&B denies the allegations in Paragraph 36 of the Complaint.  The allegations contained in Paragraph 36 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

37.     Defendant BB&B denies the allegations in Paragraph 37 of the Complaint.  The allegations contained in Paragraph 37 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

38.      Defendant BB&B denies the allegations in Paragraph 38 of the Complaint.  The allegations contained in Paragraph 38 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

39.      Defendant BB&B denies the allegations in Paragraph 39 of the Complaint.  The allegations contained in Paragraph 39 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

40.      The allegations contained in Paragraph 40 of the Complaint are not asserted against Defendants and thus no response is required.

41.      Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint, and leave Plaintiff to her proofs.

42.      The allegations contained in Paragraph 42 of the Complaint are not asserted against Defendants and thus no response is required.

43.      In response to the allegations contained in Paragraph 43 of the Complaint, Defendants BB&B and Scott state that weeks after "Louis" was no longer assigned to BB&B, Plaintiff alleged to Scott that Louis exposed himself to her.  Except as so stated, Defendants BB&B and Scott deny the allegations in Paragraph 43 of the Complaint.  The allegations contained in Paragraph 43 of the Complaint are not asserted against  Defendant Novak and thus no response is required.

44.      Defendants  BB&B and Scott deny the allegations in Paragraph 44 of the Complaint.  The allegations contained in Paragraph 44 of the Complaint are not asserted against Defendant Novak and thus no response is required.

45.      In response to the allegations contained in Paragraph 45 of the Complaint, Defendant BB&B denies having any knowledge of Louis's alleged misconduct prior to the date

he was no longer assigned to BB&B and, accordingly, it denies that a response was required. Except as so stated, Defendant BB&B denies the allegations in Paragraph 45 of the Complaint.  The allegations contained in Paragraph 45 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

46.    The allegations contained in Paragraph 46 of the Complaint are not asserted against  Defendants and thus no response is required.

47.    Defendant BB&B denies the allegations in Paragraph 47 of the Complaint.  The allegations contained in Paragraph 47 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

48.    Defendant BB&B denies the allegations in Paragraph 48 of the Complaint.  The allegations contained in Paragraph 48 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

49.    Defendant BB&B denies the allegations in Paragraph 49 of the Complaint.  The allegations contained in Paragraph 49 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

50.    Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint, and leave Plaintiff to her proofs.

51.    Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint, and leave Plaintiff to her proofs.

52.    Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint, and leave Plaintiff to her proofs.

53.    Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint, and leave Plaintiff to her proofs.

Firm:43462005v2

54.     Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 54 of the Complaint, and leave Plaintiff to her proofs.

55.     Defendant BB&B denies the allegations in Paragraph 55 of the Complaint.  The allegations contained in Paragraph 55 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

56.     In response to the allegations contained in Paragraph 56 of the Complaint, Defendant BB&B states that on or about September 22, 2015, Lauren Alvarez, NYC Regional Director of Human Resources, and Tanya Jackson, Senior Area Loss Prevention Manager, interviewed Plaintiff regarding a customer complaint.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 56 of the Complaint.  The allegations contained in Paragraph 56 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

57.     In response to the allegations contained in Paragraph 57 of the Complaint, BB&B asked Plaintiff to provide a statement regarding her interaction with the minor customer.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 57 of the Complaint.  The allegations contained in Paragraph 57 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

58.     Defendant BB&B denies the allegations in Paragraph 58 of the Complaint.  The allegations contained in Paragraph 58 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

59.     Defendant BB&B denies the allegations in Paragraph 59 of the Complaint.  The allegations contained in Paragraph 59 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

60.     Defendant BB&B denies the allegations in Paragraph 60 of the Complaint.  The allegations contained in Paragraph 60 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

61.     In response to the allegations contained in Paragraph 61 of the Complaint, Defendant BB&B states that on or about September 23, 2015, BB&B advised Plaintiff to return to her next scheduled shift.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 61 of the Complaint.  The allegations contained in Paragraph 61 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

62.     In response to the allegations contained in Paragraph 62 of the Complaint, Defendant BB&B states that Plaintiff reported for her next scheduled shift.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 62 of the Complaint.   The allegations contained in Paragraph 56 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

63.     Defendant BB&B lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint, and leave Plaintiff to her proofs.  The allegations contained in Paragraph 63 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

64.     Defendant BB&B lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 64 of the Complaint, and leave Plaintiff to her proofs.  The allegations contained in Paragraph 64 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

65.     Defendant BB&B lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 65 of the Complaint, and leave Plaintiff to her proofs.  The

Firm:43462005v2

allegations contained in Paragraph 65 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

66.     Defendant BB&B lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 66 of the Complaint, and leave Plaintiff to her proofs.  The allegations contained in Paragraph 66 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

67.     Defendant BB&B lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint, and leave Plaintiff to her proofs.  The allegations contained in Paragraph 67 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

68.     Defendant BB&B denies the allegations in Paragraph 68 of the Complaint.  The allegations contained in Paragraph 68 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

69.     Defendant BB&B denies the allegations in Paragraph 69 of the Complaint.  The allegations contained in Paragraph 69 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

70.     In response to the allegations contained in Paragraph 70 of the Complaint, upon information and belief, a male customer masturbated and ejaculated near or in Plaintiff's presence. Except as so stated, Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendant BB&B admits the allegations in Paragraph 71 of the Complaint.  The allegations contained in Paragraph 71 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

11

72.     Defendant BB&B denies the allegations in Paragraph 72 of the Complaint.  The allegations contained in Paragraph 72 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

73.     In response to the allegations contained in Paragraph 73 of the Complaint, Defendant BB&B states the male customer exited the store before management was able to locate him.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 73 of the Complaint.  The allegations contained in Paragraph 73 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

74.     Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 74 of the Complaint, and leave Plaintiff to her proofs.

75.     Defendants BB&B and Scott deny the allegations in Paragraph 75 of the Complaint.  The allegations contained in Paragraph 75 of the Complaint are not asserted against Defendant Novak and thus no response is required.

76.     Defendant BB&B denies the allegations in Paragraph 76 of the Complaint.  The allegations contained in Paragraph 76 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

77.     In response to the allegations contained in Paragraph 77 of the Complaint, BB&B contacted Plaintiff and requested that she return to the store to provide information to the police.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 77 of the Complaint.  The allegations contained in Paragraph 77 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

12

78.      Defendant BB&B denies the allegations in Paragraph 78 of the Complaint.  The allegations contained in Paragraph 78 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

79.      In response to the allegations contained in Paragraph 79 of the Complaint, when Plaintiff returned to the store, BB&B contacted the police.  Except as so stated, Defendants deny the allegations in Paragraph 79 of the Complaint.

80.      Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 80 of the Complaint, and leave Plaintiff to her proofs.

81.      Upon information and belief, Defendants admit the allegations in Paragraph 81 of the Complaint.

82.      Defendant BB&B denies the allegations in Paragraph 82 of the Complaint.  The allegations contained in Paragraph 82 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

83.      Defendant BB&B denies the allegations in Paragraph 83 of the Complaint.  The allegations contained in Paragraph 83 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

84.      Defendant BB&B denies the allegations in Paragraph 84 of the Complaint.  The allegations contained in Paragraph 84 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

85.      Defendant BB&B denies the allegations in Paragraph 85 of the Complaint.  The allegations contained in Paragraph 85 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

86.     In response to the allegations contained in Paragraph 86 of the Complaint, Defendant BB&B states that Plaintiff complained to Ms. Alvarez at various times regarding various subjects but denies Plaintiff complained of harassment based on her gender.  The allegations contained in Paragraph 86 of the Complaint are not asserted against  Defendant Novak and thus no response is required.

87.     In response to the allegations contained in Paragraph 87 of the Complaint, Defendant BB&B denies cutting Plaintiff's hours. The allegations contained in Paragraph 87 of the Complaint are not asserted against  Defendant Novak and thus no response is required.

88.     Defendants BB&B and Scott deny the allegations in Paragraph 88 of the Complaint.  The allegations contained in Paragraph 88 of the Complaint are not asserted against Defendant Novak and thus no response is required.

89.     Defendants BB&B and Scott deny the allegations in Paragraph 89 of the Complaint.  The allegations contained in Paragraph 89 of the Complaint are not asserted against Defendant Novak and thus no response is required.

90.     In response to the allegations contained in Paragraph 90 of the Complaint, BB&B stated that on or about December 9, 2015, Gerald Phillips, District Human Resources Manager, contacted Plaintiff by telephone.  Except as so stated, Defendant BB&B denies the allegations in Paragraph 90 of the Complaint. The allegations contained in Paragraph 90 of the Complaint are not asserted against  Defendant Novak and thus no response is required.

91.     Defendant BB&B denies the allegations in Paragraph 91 of the Complaint.  The allegations contained in Paragraph 91 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

92.     Defendant BB&B denies the allegations in Paragraph 92 of the Complaint.  The allegations contained in Paragraph 92 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

93.     Defendant BB&B denies the allegations in Paragraph 83 of the Complaint.  The allegations contained in Paragraph 93 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

94.     Defendant BB&B denies the allegations in Paragraph 94 of the Complaint.  The allegations contained in Paragraph 94 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

95.     Defendant BB&B denies the allegations in Paragraph 95 of the Complaint.  The allegations contained in Paragraph 95 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

96.     Defendant BB&B denies the allegations in Paragraph 96 of the Complaint.  The allegations contained in Paragraph 96 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

97.     Defendant BB&B denies the allegations in Paragraph 97 of the Complaint.  The allegations contained in Paragraph 97 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

98.     Defendant BB&B denies the allegations in Paragraph 98 of the Complaint.  The allegations contained in Paragraph 98 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

99.     Defendant BB&B denies the allegations in Paragraph 99 of the Complaint.  The allegations contained in Paragraph 99 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

100.     Defendant BB&B denies the allegations in Paragraph 100 of the Complaint.  The allegations contained in Paragraph 100 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

101.     Defendant BB&B denies the allegations in Paragraph 101 of the Complaint.  The allegations contained in Paragraph 101 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

102.     Defendant BB&B denies the allegations in Paragraph 102 of the Complaint.  The allegations contained in Paragraph 102 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

103.     Defendant BB&B denies the allegations in Paragraph 103 of the Complaint.  The allegations contained in Paragraph 103 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

104.     Defendant BB&B denies the allegations in Paragraph 104 of the Complaint.  The allegations contained in Paragraph 104 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

105.     Defendant BB&B denies the allegations in Paragraph 105 of the Complaint.  The allegations contained in Paragraph 105 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

Firm:43462005v2

106.    Defendant BB&B denies the allegations in Paragraph 106 of the Complaint.  The allegations contained in Paragraph 106 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

107.    Defendant BB&B denies the allegations in Paragraph 107 of the Complaint.  The allegations contained in Paragraph 107 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Hostile Work Environment in Violation of Title VII (Against Corporate Defendant)

108.    Defendants repeat and reallege their responses to Paragraphs 1-107 with the same force and effect as if fully set forth at length herein.

109.    The allegations contained in Paragraph 109 of the Complaint are legal conclusions to which no response is required.

110.    Defendant BB&B denies the allegations in Paragraph 110 of the Complaint. The allegations contained in Paragraph 110 of the Complaint are not asserted against  Defendants Scott and Novak and thus no response is required.

111.    Defendant BB&B denies the allegations in Paragraph 111 of the Complaint. The allegations contained in Paragraph 111 of the Complaint are not asserted against  Defendants Scott and Novak and thus no response is required.

112.    Defendant BB&B denies the allegations in Paragraph 112 of the Complaint. The allegations contained in Paragraph 112 of the Complaint are not asserted against  Defendants Scott and Novak and thus no response is required.

17

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Title VII (Against Corporate Defendant)

113.    Defendants repeat and reallege their responses to Paragraphs 1-112 with the same force and effect as if fully set forth at length herein.

114.    The allegations contained in Paragraph 114 of the Complaint are legal conclusions to which no response is required.

115.    Defendant BB&B denies the allegations in Paragraph 115 of the Complaint. The allegations contained in Paragraph 115 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

116.    Defendant BB&B denies the allegations in Paragraph 116 of the Complaint. The allegations contained in Paragraph 116 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

117.    Defendant BB&B denies the allegations in Paragraph 117 of the Complaint. The allegations contained in Paragraph 117 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of Title VII (Against Corporate Defendant)

118.    Defendants repeat and reallege their responses to Paragraphs 1-117 with the same force and effect as if fully set forth at length herein.

119.    The allegations contained in Paragraph 119 of the Complaint are legal conclusions to which no response is required.

120.    Defendant BB&B denies the allegations in Paragraph 120 of the Complaint. The allegations contained in Paragraph 120 of the Complaint are not asserted against Defendants Scott and Novak and thus no response is required.

18

121.    Defendant BB&B denies the allegations in Paragraph 121 of the Complaint. The allegations contained in Paragraph 121 of the Complaint are not asserted against  Defendants Scott and Novak and thus no response is required.

122.    Defendant BB&B denies the allegations in Paragraph 122 of the Complaint. The allegations contained in Paragraph 122 of the Complaint are not asserted against  Defendants Scott and Novak and thus no response is required.

## FOURTH CAUSE OF ACTION

### Hostile Work Environment in Violation of Title VII (Against Corporate Defendant)

123.    Defendants repeat and reallege their responses to Paragraphs 1-122 with the same force and effect as if fully set forth at length herein.

124.    The allegations contained in Paragraph 124 of the Complaint are legal conclusions to which no response is required.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

## FIFTH CAUSE OF ACTION

### Unlawful Termination in Violation of Title VII (Against Corporate Defendant)

128.    Defendants repeat and reallege their responses to Paragraphs 1-127 with the same force and effect as if fully set forth at length herein.

129.    The allegations contained in Paragraph 129 of the Complaint are legal conclusions to which no response is required.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

Firm:43462005v2

## SIXTH CAUSE OF ACTION

### Retaliation in Violation of Title VII (Against Corporate Defendant)

133.    Defendants repeat and reallege their responses to Paragraphs 1-132 with the same force and effect as if fully set forth at length herein.

134.    The allegations contained in Paragraph 134 of the Complaint are legal conclusions to which no response is required.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

## REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Request for Relief paragraph of the Complaint and demand judgment dismissing the Complaint in its entirety with prejudice, together with costs and attorneys' fees and other relief to which they are entitled.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, res judicata, and/or unclean hands.

3.      Plaintiff's claims are barred, in whole or in part, to the extent she failed to timely and/or properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for commencement of this action.

4.      All actions taken by Defendants with respect to Plaintiff were based on legitimate, non-discriminatory factors and were made in good faith and in compliance with all applicable laws and BB&B's written policies and procedures.

20

5.      Defendant BB&B maintains anti-discrimination and anti-retaliation policies with a complaint procedure and trains its employees and supervisors to comply with those policies. Plaintiff unreasonably failed to take advance of the preventive and corrective opportunities provided by BB&B to avoid harm.

6.      Defendants exercised reasonable care to prevent and/or correct promptly any alleged unlawful discrimination in the workplace.

7.      Defendants did not encourage, condone, or acquiesce in any alleged discriminatory or retaliatory conduct towards Plaintiff.

8.      Defendants acted in good faith and without malice, reckless indifference, willfulness or evil intent.

9.      Upon information and belief, Plaintiff failed to exercise reasonable diligence to mitigate her damages, if any.

10.     To the extent Plaintiff purports to allege claims for physical or mental emotional distress, pain or suffering, including claims for recovery of any medical expenses thereby incurred, Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the New York State Workers' Compensation Law.

11.     To the extent any conduct alleged in Plaintiff's Complaint is found to have occurred, such conduct was committed by third parties, and BB&B had no knowledge, or reason to know, of the alleged conduct.

Firm:43462005v2

12.     Defendants reserve the right to raise any and all defenses that may become evident during the proceeding.

EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants


By:  *s/ Denise Merna Dadika*
       Jeremy M. Brown
       Denise Merna Dadika

       One Gateway Center
       Newark, New Jersey 07102-5003
       Telephone:  (973) 642-1900
       Facsimile:  (973) 642-0099
       Email:  jmbrown@ebglaw.com
              DDadika@ebglaw.com


DATED:  May 19, 2017

Firm:43462005v2