EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 642-1900
Attorneys for Defendants
Bed Bath & Beyond Inc.,
Derek Scott and Ray Novak

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Document Electronically Filed

---

CHYANNE SMITH,

                Plaintiff,

*vs.*

BED BATH & BEYOND, INC., DEREK SCOTT, individually, and RAY NOVAK, individually,

                Defendants.

Civil Action No. 17-cv-02240

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

WILLIAM H. PAULEY, III, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent____/do not consent__**X**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. §636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have__**X**__/have not____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes_**X**__/No___]

    b. A §1983 case governed by the Plan for Certain §1983 Cases Against the City of New York?

1

http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdg. [Yes___/No_**X**__]

    c.    A parent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf. [Yes___]No_**X**__]

4.     Alternative Dispute Resolution Settlement

    a.    Settlement discussions [have_**X**_/have not___] taken place.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        **Documents set forth in the Pilot Project Regarding Initial Discovery Protocols For Employment Case Alleging Adverse Action.**

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case.

        **Participation in the District's Mediation Program.**

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        **Mediation is scheduled for July 5, 2017.**

        The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.     No additional parties may be joined after **January 16, 2018**, without leave of Court.

6.     Amended pleadings may be filed without leave of Court until **January 16, 2018**.

7.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **14** days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

   a. All fact discovery shall be completed no later than **March 16, 2018.** *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **July 7, 2017**.

   c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **July 7, 2017**.

   d. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **March 16, 2018.**

   e. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **February 12, 2018.**

   f. Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:

      **Plaintiff anticipates using an expert witness in connection with Plaintiff's alleged emotional distress damages.**

   b. All expert discovery shall be completed no later than **April 30, 2018**. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit unless types of experts are identified.

   c. By **February 14, 2017** *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. This case [is_**X**__/is not___] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is **6 days**.

3

Firm:43590548v1

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   Plaintiff will undergo surgery on July 12, 2017, for which she expects a 4-month recovery period. Due to Plaintiff's convalescence, the parties may require additional time to complete discovery, especially with respect to Plaintiff's deposition. Plaintiff and Plaintiff's counsel are now in the process of collecting documents and information to mitigate against Plaintiff's likely future unavailability.

13. Status Letters and Conferences

   a. By **January 16, 2018** *[60 days after the commencement of fact discovery]*, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

   b. By **March 30, 2018** *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On _____ at ____ A.M. *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

      i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provide in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

      ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

   This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provide in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Firm:43590548v1

The Clerk of Court is directed to enter the dates under paragraph 5, 6, 8(a), 9(b)-(c) and 12(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
      New York, New York

                                                       _____
                                                        WILLIAM H. PAULEY, III
                                                        United States District Judge

Counsel for the Parties:

| | |
|---|---|
| THE HARMAN FIRM, LLP | EPSTEIN BECKER & GREEN, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| | |
| By:____*s/ Walker G. Harman*_____ | By:____*s/ Denise Dadika*_____ |
|        WALKER G. HARMAN |        DENISE MERNA DADIKA |

5